IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN V. SERPIK, <br> Article III man, <br><br>     Plaintiff, <br><br> v. <br><br><br><br> JILL WEEDON, GINA WEBB, ANGELA MARSEE, MICHELLE K. ROPER, and COLBY VAUGHAN, in their individual and official capacities; and STATE OF OKLAHOMA, <br><br>     Defendants. | Case No. CIV-23-00988-JD <br> (Consolidated with Case No. CIV-23-01030-JD) |

## ORDER

Before the Court are Motions to Dismiss ("Motions") [Doc. Nos. 8, 10, 19, and 20] filed by Angela Marsee ("Marsee"), Gina Webb ("Webb"), Jill Weedon ("Judge Weedon"), Michelle Roper ("Judge Roper"), and Colby Vaughan ("Vaughan"), all in their individual and official capacities. The State of Oklahoma is also a defendant in the case.

The Motions seek dismissal of pro se Plaintiff Roman Serpik's (or ":Roman-Vladimirovich; Serpik:") (hereinafter, "Serpik") complaints. For the following reasons, the Court grants the Motions.

I.   **BACKGROUND**

On January 19, 2023, Vaughan, a state trooper, pulled Serpik over for failing to stop at a red light. During the traffic stop, Serpik refused to give Vaughan his driver's

license, name, or date of birth. Vaughan arrested Serpik. Serpik was charged in Beckham County with obstructing an officer in violation of 21 O.S. § 540 and failure to stop at a red light in violation of 47 O.S. § 11-202. Judges Weedon and Roper were involved in Serpik's court proceedings. Marsee, District 2's District Attorney, and Webb, an Assistant District Attorney, were the district attorneys involved in his prosecution. At trial, a jury returned a verdict of guilty on both charges. He was sentenced to one year imprisonment with all but the first six months suspended for the obstructing an officer conviction. For the failure to stop at a red light conviction, he was sentenced to ten days of imprisonment.[1] Serpik is currently imprisoned at the Beckham County Jail.[2]

Serpik filed the civil rights complaint in this action. He also filed a similar petition in state court that was then removed to this Court and consolidated with this case.

## II. LEGAL STANDARD

"Rule 12(b)(6) dismissal 'is appropriate if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017)). In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is

---

[1] The Court takes judicial notice of the state court docket in Beckham County, Oklahoma, Case No. CM-2023-00031, available on the Oklahoma State Courts Network, www.oscn.net.

[2] Serpik has not filed a change of address, *see* LCvR5.4, and his recent filings reflect his mailing address is the Beckham County Jail at the time of all pertinent filings in this action. *See, e.g.*, [Doc. No. 23-1].

plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the Court accepts as true the plaintiff's well-pleaded factual allegations in the complaint and "view[s] them in the light most favorable to the plaintiff." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Serpik alleges various arguments, such as that his criminal case was filed under a fictitious name (not the name he goes by), the jury instructions "deceive[d] the jurors . . . by calling a civilian infraction a crime," he was not properly arraigned, and he was threatened with contempt for trying to assert his constitutional rights. Perhaps most significantly, Serpik states that he is a "living flesh blood living man" and that the United States is a "bankrupt" "corporation."[3] On the civil cover sheet in the action he filed in federal court, Serpik states he is a citizen of a foreign nation. In these actions, he seeks damages, injunctive relief including postponement of his sentencing,[4] a federal

---

[3] The complaints in the consolidated action make similar allegations.

[4] As Serpik's sentencing took place on November 1, this issue is now moot. Accordingly, the Court denies Serpik's Motion for a Preliminary Injunction [Doc. No. 4] filed on November 1, 2023, which similarly requested that this Court prohibit his sentencing in Beckham County from moving forward. Since the Court construes Serpik's filing at [Doc. No. 17] to be a proposed order granting the injunction, the Court also denies Serpik's request for this proposed order to be entered.

investigation, and dismissal of his misdemeanor case in Beckham County.[5]

### A.     Judges Weedon and Roper are entitled to judicial immunity.

Serpik argues that Judge Roper filled out his initial appearance form "using false and misleading information." He contends that Judge Weedon threatened him with contempt when he "tried to assert his God (Hashem) and religious rights for freedom of traveling." Serpik also states that "judicial immunity is completely not existent."

Judges have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Judicial immunity is immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Thus, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* Rather, immunity is overcome in only two circumstances: "First, a judge is not immune from liability for . . . actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. To this end, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. "[T]he scope of

---

[5] Serpik also filed several "notices" with the Court in which he requests the Court to order a variety of relief. This is improper under several federal and local civil rules, and Serpik is held to the same rules and standards as any other litigant. *See* Fed. R. Civ. P. 7(b)(1) (requiring that a request for a court order must be made by motion and must state with particularity the grounds for seeking the order); LCvR7.1(c) ("Each motion filed shall be a separate document . . . ."); LCvR7.1(k) (delineating the types of motions not requiring briefs); LCvR26.3(a) ("[I]f a motion has been made pursuant to Fed. R. Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case."). Thus, the Court denies Serpik's requests for relief to the extent they violate the federal or local civil rules and to the extent they are different from what the Court has ordered.

the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.*

Here, Serpik has not set forth any facts suggesting Judges Weedon or Roper acted outside their judicial capacity. Nor does Serpik allege facts showing that the judges acted without any jurisdiction to do so. The Supreme Court in *Stump* made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362.

From what the Court can tell in its attempt to construe Serpik's pleadings liberally, Judges Roper and Weedon merely presided over Serpik's various court proceedings relating to his misdemeanor charges. Accordingly, Serpik's complaint fails to state a claim against Judge Weedon or Judge Roper because they are entitled to absolute immunity from Serpik's suit under federal law. Serpik's claims against the judges are dismissed with prejudice.

**B.      Serpik's claims against the remaining defendants are frivolous and do not survive Rule 12(b)(6) review.**

Serpik argues that he is "living man" or an "Article III man" and did not consent to his criminal proceedings in Beckham County. He states that crimes he was convicted of were "made up." He also informs the Court that he is "seeking federal investigation into Beckham County District Attorneys Office and the Judicial Office for misconduct, using official position in government to personal attack living man and woman with fictitious contracts . . . ."

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915A. As Serpik is currently imprisoned at the Beckham County Jail and this is a civil action against governmental officers, employees, and entities, the Court must dismiss the case if it is frivolous or fails to state a claim upon which relief can be granted.

The sovereign citizen theory has been repeatedly rejected by the Tenth Circuit. *See United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (unpublished) ("As for [Petitioner's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous."). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' . . . or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *Id.* (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)). "[A]n individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts "has no conceivable validity in American law." *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (unpublished) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).

All Serpik's claims contain the hallmarks of typical sovereign citizen arguments. He contends that the United States is a corporation, and that the Beckham County Court did not have jurisdiction over him. He argues that he was wrongly convicted because

6

nothing in Oklahoma law "show[s] that traffic infractions [are] crimes." In one of his response briefs he states, "all crimes are commercial." He also maintains that he was wrongly charged because he did not consent—i.e., did not waive his sovereign immunity. All his claims against the remaining defendants tie back to these arguments regarding his status as a sovereign citizen. As a pro se litigant, Serpik's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). This relaxed standard does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Here, Serpik's arguments are not based on a cognizable legal theory, and he does not provide the Court with sufficient facts to show he has a plausible claim. Outside of generally asserting his constitutional rights have been violated, Serpik does little to support his arguments with law or fact. Thus, the Court grants the Motions and dismisses Serpik's claims as frivolous and for failure of the complaints to state claims under Rule 12(b)(6) that are plausible on their face.

        **C.**    **Serpik's remaining motions are denied.**

All other requests by Serpik are denied. First, supplemental briefs are discretionary with the Court. *See* LCvR7.1(i) (explaining that supplemental briefs may be filed only upon motion and leave of court). Serpik's bare-bones motion [Doc. No. 22] seeking leave to file a supplemental brief does not provide the Court with any details about what he would add to his prior response briefing with a supplemental brief. *See* Fed. R. Civ. P. 7(b)(1)(B) (explaining that a motion must "state with particularity the

7

grounds for seeking the order"). Accordingly, the Court denies his request for a supplemental brief. Second, his request to change the caption to indicate it is filed "in propria persona sui juris de jure" is denied for the same reasons outlined above regarding the frivolous nature of the action. [Doc. No. 21]. Finally, Serpik's motion to amend his complaint and injunction [Doc. No. 23] fails to follow Local Civil Rule 15.1, as he does not attach a proposed amended complaint and his motion does not indicate if any other party objects to the motion. Serpik is held to the same rules and requirements as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *see also Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 176 (10th Cir. 1996) (explaining that a pro se litigant's ignorance of the rules does not excuse him from following the rules). Consequently, Serpik's request to amend is denied for failure to comply with Local Civil Rule 15.1.

## IV.   CONCLUSION

The Court concludes that Serpik's claims are frivolous and that he has failed to state a claim on which relief can be granted. The Court GRANTS the Motions [Doc. Nos. 8, 10, 19, 20] and DISMISSES the claims against Judges Roper and Weedon with prejudice and the claims against Marsee, Webb, Vaughan, and the State of Oklahoma without prejudice. Although the Court does not believe there is an amendment by Serpik that can state viable claims, the Court will wait to enter its judgment until February 22, 2024, to allow Serpik an opportunity to follow Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1 for any proposed motion for leave to file an amended complaint and proposed amended complaint that overcomes the deficiencies identified in this Order.

The Court will enter its judgment on February 22, 2024, unless Serpik files a proper motion seeking leave to amend his complaint in advance of that deadline.

IT IS SO ORDERED this 12th day of February 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE